PORTELA, DEMANDANTE Y APELANTE, *v.* GONZÁLEZ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero.

No. 2789.—Resuelto en marzo 15, 1923.

PRUEBA—SUBARRENDATARIOS: SUS OBLIGACIONES PARA CON EL ARRENDADOR.—Al demandante incumbe la prueba de la acción que ejercita y no demostrando debidamente la prueba practicada en este caso que el demandado destruyera la casa reclamada ni que fuera un verdadero subarrendatario dentro de lo preceptuado en el artículo 1454 del Código Civil, debe confirmarse la sentencia apelada que declaró la demanda sin lugar.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. González.*

Abogado del apelado: *Sr. C. Coll Cuchí.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Manuel Portela demandó a Rafael María González para que le pagara la suma de mil dólares, valor de cierta casa perteneciente al demandante, que se alega haber sido destruída por el demandado. Negó el demandado. Fué el pleito a juicio. La corte declaró la demanda sin lugar y el demandante interpuso el presente recurso de apelación seña-

lando en su alegato dos errores cometidos a su juicio por la corte al apreciar la prueba y al no aplicar los artículos 1454 y 1464 del Código Civil. Ambos errores se estudiarán conjuntamente. Todo depende en este caso del resultado de la prueba.

Se trata de una finca rústica que perteneció al Dr. Matanzo dentro de la cual existía una casa propiedad del dueño. En 1908 el dueño arrendó la finca a la sociedad "Avalo y Hernández" por un término que vencía en 1915 con derecho a una prórroga hasta el 1919. En 1917 el Dr. Matanzo vendió la finca,—figurando en la descripción de la misma la casa—, al demandante y cuando la finca fué entregada al demandante al vencerse el contrato de arrendamiento en 1919, no existía en ella la casa de que se ha hecho mérito. · Estos hechos aparecen enteramente claros. Lo dudoso es si el demandante probó como alegó en su demanda que el demandado sub-arrendó la finca y destruyó la casa y usó de sus maderas en su propio beneficio. Examinemos la evidencia.

Por prueba documental demostró el demandante la com· pra de la finca y el arrendamiento a "Avalo y Hernández." Por prueba testifical intentó demostrar el sub-arriendo al demandado y la destrucción de la casa. Declaró como testigo el demandante. De su declaración se desprende que una sociedad "Toro y González" intervino como sub-arrendataria, no se sabe cuándo ni por cuanto tiempo. Dijo que cuando se le entregó la finca estaba en posesión como sub-arrendatario el demandado pero al preguntársele que quién le entregó la finca contestó que un hijo del demandado que lleva su propio nombre. El testigo se refirió a cierta correspondencia que no se presentó como prueba. Las cartas hubieran podido quizá aclarar la cuestión debatida.

· Los otros testigos declararon con respecto a que allá por el 1914 al 1916, o sea, con anterioridad a la compra de la finca por parte del demandante, se desbarató la casa en cues-

tión llegando algunos a decir de modo concreto que lo fué por orden del demandado, pero se nota luego que se confunde al demandado con su hijo o sus hijos.

Si a esta prueba del demandante en sí misma deficiente se agrega la aportada por el demandado consistente en una escritura pública otorgada en 1912 por virtud de la cual la Juncos Central Co., dueña de varios contratos de arrendamiento, entre ellos del que sirve de base a este pleito, los cedió a la sociedad ''R. González y Hermano'' habiendo comparecido ésta representada por su socio gestor Rafael González y Cuyar, comprenderemos por qué la corte de distrito desestimó la demanda.

¿Qué relación tiene el demandado con ''R. González y Hermano?'' ¿Quién es Rafael González y Cuyar? Al demandante incumbe la prueba de la acción que ejercita. Y de la prueba por él aportada en este caso no se ha demostrado que el demandado sea personalmente responsable.

Insiste el apelante en que de todos modos la prueba demuestra que la casa fué destruída por orden del demandado y debe en tal virtud condenársele al pago del valor de la misma. El demandado pudo formar parte de una sociedad. Además los mismos testigos que dicen que el demandado dió la orden hablan de los González. Por ejemplo, uno contesta: ''¿Existe hoy esa casa? No. ¿Por qué sabe que no existe? Porque la desbarataron. ¿Cuándo la desbarataron? Cuando la tenían en posesión los González. ¿Quiénes son los González? Los hijos de don Lito González.'' Don Lito es el demandado. ¿Son sus hijos los componentes de la sociedad ''R. González y Hermanos?''

Siendo ello así y sobre todo habiendo podido el demandante presentar las cartas a que se refirió sin que lo hiciera, no es posible revocar la sentencia recurrida.

No habiéndose demostrado que el demandado fuera un sub-arrendatario, no llegó el momento de aplicar los artícu-

los 1454 y 1464 del Código Civil que se invocan y que no fueron por tanto infringidos por la corte.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.